IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANNIE MARIE GIBBS, | § | |
| On Behalf of the Estate of | § | |
| JOSE VELASQUEZ, Deceased | § | |
| | § | |
| VS. | § | C.A. NO. 5:20-CV-01333 |
| | § | JURY DEMAND |
| SOUTHEAST SNF LLC d/b/a | § | |
| SOUTHEAST NURSING & | § | |
| REHABILITATION CENTER | § | |

**TEXAS OPERATIONS MANAGEMENT LLC'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Texas Operations Management LLC (improperly named as Texas Operations Management, LLC d/b/a Southeast Nursing & Rehabilitation Center), hereinafter "Defendant," removes the above-captioned case, reserving all defenses, pursuant to 28 U.S.C.A. §§ 1441 and 1446, from the 408th District Court for Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. The grounds for removal are based on 28 U.S.C. § 1331, 42 U.S.C. § 247d-6d(e)(1), and 28 U.S.C. § 1442(a)(1). In support thereof, Defendant would respectfully show this Court as follows:

**I.    GROUNDS FOR REMOVAL.**

1.    This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) because Plaintiff's claims rise under the Federal Public Readiness and Emergency Preparedness Act. Plaintiff filed this healthcare liability claim and medical-negligence action in her capacity as a representative of Jose Velasquez's estate. *See* Exhibit A. Plaintiff's claims arise from allegations that Defendant failed to follow specialized COVID-19 precautions and protocols,

which led to Mr. Velasquez contracting COVID-19 at a nursing facility owned, operated and/or managed by Defendant and subsequently passing away as a result. Exhibit A at ¶ 6.4.

2. The Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d, 247d-6e, through the Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), amended by 85 Fed. Reg. 21012 (Apr. 15, 2020) (collectively, the "PREP Act") are federal statutes that apply specifically to all named Defendants in the administration of countermeasures to prevent or mitigate the spread of COVID-19.

3. Specifically, the PREP Act provides immunity from, and expressly preempts, all state law tort claims against "covered persons" for any claim for loss caused by, arising out of, relating to, or resulting from, the administration to or use by an individual of a covered countermeasure, following a declaration by the Secretary of Health and Human Services identifying a health condition as a public health emergency under the PREP Act. The Secretary issued such declarations under the PREP Act, which became effective on February 4, 2020, to extend the PREP Act's protections and immunity to COVID-19 countermeasures, including testing and certain personal protective equipment such as masks and other respiratory protective devices.

4. The PREP Act expressly preempts Plaintiff's state-law claims for purposes of federal question jurisdiction. 42 U.S.C. § 247d-6d(b)(8). Under the Act, Plaintiff's exclusive remedy for the claims brought in the state court action is through a separate patient injury fund to be administered by the U.S. Department of Health and Human Services. *Id.*

## II. FACTUAL BACKGROUND.

5. Plaintiff Annie Marie Gibbs ("Plaintiff"), on behalf of the Estate of Jose Velasquez, Deceased, commenced the above-captioned action in the 408th Judicial District Court, Bexar County, Texas, Cause No. 2020-CI-10559 ("state court action") on June 10, 2020.

In her Original Petition, Plaintiff sued one defendant, Southeast SNF LLC d/b/a Southeast Nursing and Rehabilitation Center ("Southeast"). Plaintiff filed her First Amended Original Petition on July 1, 2020, again naming Southeast as the sole defendant. Southeast timely filed its Original Answer on July 16, 2020. As detailed in the following section, Plaintiff filed a Second Amended Original Petition, which added Defendant and Advanced HCS LLC f/k/a Advanced HCS LLC d/b/a Advanced Healthcare Solutions (improperly named as Advanced HCS LLC d/b/a Advanced Healthcare Solutions d/b/a Southeast Nursing & Rehabilitation Center) ("Advanced HCS") as parties to the state court action. A true and correct copy of Plaintiff's Second Amended Original Petition is attached hereto as Exhibit A, and incorporated herein for all purposes (the "Petition").

6. The Petition asserts causes of action for healthcare provider negligence (Exhibit A at ¶¶ 7.1-7.4), and gross negligence (*id.* at ¶¶ 8.1-8.3), arising during the residency of the Plaintiff's decedent, Jose Velasquez, at an adult care facility owned, operated and/or managed by Defendant (the "facility"). Plaintiff asserts that the care rendered to decedent at the facility resulted in the decedent's contraction of COVID-19 on April 2, 2020, and ultimately resulted in his death on April 17, 2020 (*id.* at ¶ 6.4).

7. With respect to the claim of healthcare provider negligence, Plaintiff alleges, *inter alia*, that all named Defendant, Southeast and Advanced HCS and their employees did not wash their hands, did not screen staff entering the facility, did not check for fever of staff, did not provide personal protective equipment to residents or staff, and did not maintain an infection prevention and control program to prevent the spread of COVID-19 (*id.* at ¶ 6.3). More specifically, Plaintiff maintains that Defendant, Southeast and Advanced HCS failed to provide decedent with a safe and healthy environment; failed to implement and follow proper protocols and procedures to

prevent the spread of infection to decedent; failed to provide necessary care and treatment to prevent infection; failed to follow disease-control regulations and guidelines; failed to supervise its staff's compliance with COVID-19 regulations and guidelines; and failed to supply its staff with the appropriate personal protective equipment and instructions on its use. *Id.* at ¶¶ 7.1-7.3.

8. With respect to the alleged gross negligence claims, Plaintiff asserts that Defendant, Southeast and Advanced HCS failed to provide rules regarding COVID-19 minimization; failed to provide PPE as required; failed to provide a reasonably safe nursing home; and failed to provide an adequate disease control plan. *Id.* at ¶¶ 8.1-8.3.

### III. DEFENDANT HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL.

9. On September 20, 2020, Plaintiff filed her Second Amended Original Petition adding Defendant, Texas Operations Management LLC, as parties to the state court action. Defendant Texas Operations Management LLC was served with citation and Plaintiff's Second Amended Original Petition on October 16, 2020. Ex. B (Return of Citation).

10. To be timely, a notice of removal must be filed within 30 days after receipt by the defendant of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. §1446(b). The thirty-day period for removal does not begin to run until the defendant has received a copy of the complaint and has been properly served. *See Murphy Brothers, Inc. and Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999).

11. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of October 16, 2020 (the dates that Defendant was served with a summons and a copy of the Second Amended Original Petition), and within one year from when Plaintiff commenced her state court action.

12. Southeast SNF LLC and Advanced HCS LLC consent to the removal and their consent is attached hereto as Exhibit C. *See* 28 U.S.C. § 1446(b)(2)(C) ("[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

13. Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending — Bexar County.

14. Simultaneously with the filing of this Notice of Removal, a copy of this Notice of Removal has been served on all parties and forwarded for filing with the Clerk of the District Court of Bexar County, Texas, Cause No. 2020-CI-10559, in the District Court of Bexar County, Texas, 408th District Court in accordance with 28 U.S.C. § 1446(d).

## IV. FEDERAL QUESTION JURISDICTION EXISTS FOR REMOVAL UNDER THE PREP ACT.

15. Although Plaintiff's claims appear to be based on state law, Congress has already provided an exclusive remedy for Plaintiff's claims under the PREP Act. The Fifth Circuit has explained when federal question jurisdiction exists where a complaint appears to assert a cause of action under state law:

> [A] state claim may be removed to federal court ... when a federal statute wholly displaces the state-law cause of action through complete preemption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. In the two categories of cases where this Court has found complete pre-emption . . . the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).

5

18. Thus, federal courts have found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for the preempted state claims. *See, e.g.*, *Spear Marketing, Inc. v. Bancorp South Bank*, 791 F.3d 586 (5th Cir. 2015); *In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir. 2005). The PREP Act satisfies both requisites. Under the PREP Act, Congress provided the *exclusive* remedy for Plaintiff's claims <u>and</u> expressly stated that all state law to the contrary is preempted.

16. As noted, the PREP Act also clearly preempts any state law inconsistent with the immunity granted thereunder. Under the Act, a "covered person" is afforded broad immunity "from suit and liability under Federal and State law" for all "claims for loss caused by, arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure," if the Secretary of the Department of Health and Human Services ("HHS") issues a declaration to that effect — which the Secretary of HHS has done. 42 U.S.C.A. § 247d-6d(a)(1). Additionally, state law that "is different from, or in conflict with, any requirement applicable under this section [§ 247d-6d] and relates to ... the administration by qualified persons of the covered countermeasure" is expressly preempted. 42 U.S.C.A. § 247d-6d(b)(8).

17. Further, the Act establishes an exclusive federal remedy for any claim preempted, and also establishes the procedures applicable to such actions. Under the statute, "the sole exception to the immunity from suit and liability of covered persons ... shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct." 42 U.S.C.A. § 247d-6d(d)(1). Claims for "willful misconduct," however, are subject to several heightened pleading requirements. *Id*. at § 247d-6d(e)(1)-(4). Moreover, any action for willful misconduct "shall be filed and maintained only in the United

States District Court for the District of Columbia," and must be brought before a three-judge panel. *Id*. at § 247d-6d(e)(1), (e)(5).

18. Accordingly, the doctrine of "complete preemption" dictates that federal question jurisdiction is appropriate for removal of Plaintiff's state court action. Here, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and, therefore, the case is properly removable under 28 U.S.C. § 1441(a).

19. Alternatively, because the PREP Act provides the sole remedies for the claims advanced in the Petition, and to the extent that Plaintiff claims that Defendant did not comply with federal guidance or regulations, or to the extent that Plaintiff claims to have invoked the sole exception to the immunity provided under the PREP Act, *i.e.,* a claim for "willful misconduct," removal is proper because Plaintiff's Original Petition presents an "embedded federal question." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).

20. As explained in detail in the following sections, Plaintiff's lawsuit falls within the PREP Act's purview because the Defendant is covered persons under the statute, and Plaintiff's claims arise out of, relate to, or result from the administration and/or use of a "covered countermeasure."

  A. **<u>Defendant is Covered Persons under the PREP Act's Provisions</u>**.

21. On March 17, 2020, the Secretary of HHS issued a Declaration invoking the authority—available during a public health emergency—to grant immunity under the PREP Act. *See* Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020) *and* 85 Fed. Reg. 35100 (Jun. 8, 2020) (herein referred to as "the

Declaration"). Under the Declaration, and what unquestionably involves exigent circumstances, the Secretary used the full scope of authority conferred to his office by providing immunity "from suit and liability" for "the manufacture, testing, development, distribution, administration, and use of" any "covered countermeasure," by a "covered person," effective as of February 4, 2020. *See* 85 Fed. Reg. 15198.

22. The Secretary defined "covered countermeasures" broadly, and thus provided blanket immunity for the "distribution, administration, and use" of "any antiviral, any other drug, any biologic, *any diagnostic, any other device*, or any vaccine, *used to treat, diagnose, cure, prevent, or mitigate COVID-19*, or the transmission of SARS-CoV-2 or a virus mutating therefrom, or any device used in the administration of any such product, and all components and constituent materials of any such product." *Id.* (emphasis added). For the reasons set forth below, the bases for Plaintiff's allegations and claims meet all of these criteria.

23. Under the Act, a "covered person" includes, among others, a "person or entity that is . . . a program planner of such [COVID-19] countermeasure; a qualified person who prescribed, administered, or dispensed such [COVID-19] countermeasure; or an official, agent, or employee of [such] entity." 42 U.S.C. § 247d–6d(i)(2)(B)(iii)-(v). The term "program planner" means

> "a person . . . who supervised or administered a program with respect to the administration, dispensing, distribution, provision, or use of a security countermeasure or a qualified pandemic or epidemic product, including a person who has established requirements, provided policy guidance, or supplied technical or scientific advice or assistance or provides a facility to administer or use a covered countermeasure in accordance with [the Secretary's declaration].

*Id.* at § 247d–6d(i)(6). "[A] private sector employer . . . can be a program planner when it carries out the described activities." 85 Fed. Reg. at 15202.

24. A "qualified person" is defined as a "licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the

8

law of the State in which the countermeasure was prescribed, administered, or dispensed." § 247d–6d(i)(8)(A). The PREP Act further defines a "person" as "an individual, partnership, corporation, association, entity, or public or private corporation, including a federal, state or local government agency or department." § 247d–6d(i)(5).

25. In this case, Defendant, Southeast and Advanced HCS qualify as "covered persons" because they are a "qualified person" or "program planner." Southeast is licensed by the State of Texas as a skilled nursing facility, and it employs licensed nursing personnel for the purpose of developing and implementing policies, procedures, and other countermeasures to prevent, limit, and/or control the spread of COVID-19. Defendant, Southeast and Advanced HCS staff members include registered nurses and licensed practical nurses licensed in the State of Texas, who are licensed and authorized to administer FDA-approved COVID-19 devices, tests, and medications used to treat the same. *See* § 247d–6d(i)(2)(B)(iv)-(v); § 247d–6d(i)(8); 85 Fed. Reg. 15198, 15202-03.

26. Defendant, Southeast and Advanced HCS also meet the requirements of a "program planner" of countermeasures under the PREP Act, because they supervised or administered the facility's infection control and COVID-19 specific programs that administer, provide or dispense covered countermeasures in the treatment of COVID-19 patients, including but not limited to, the use of facemasks and other personal protective equipment, facility-wide COVID-19 testing, visitation restrictions, and screening requirements in an effort to diagnose, mitigate, treat, and prevent COVID-19. Therefore Defendant, Southeast and Advanced HCS are "covered persons" as defined in the Act.

### B. Plaintiff's Claims Arise Out of, Relate to, or Result from the Administration and/or Use of a Covered Countermeasure.

27. Plaintiff's Second Amended Original Petition includes claims and allegations based on the alleged failure by Defendant, Southeast and Advanced HCS to comply with governmental measures issued to prevent or mitigate the spread of COVID-19, and, therefore, presents a federal question under the PREP Act. 42 U.S.C. § 247d-6d(d).

28. Defendant, Southeast and Advanced HCS's staff implemented certain countermeasures in relation to COVID-19, including but not limited to, the use of facemasks and other personal protective equipment, facility-wide testing, visitation and access restrictions, and screening requirements. Facemasks used to prevent or mitigate the spread of COVID-19 are qualified pandemic or epidemic products, as a device used, designed, and developed to mitigate or prevent the spread of COVID-19 and were authorized for emergency use. 42 U.S.C.A. § 247d-6d(i)(7).

29. Plaintiff is suing for injuries which she claims were caused by, or relate to the administration, use, or improper use of personal protective equipment, testing of residents and employees, access restrictions, or isolation of residents. If the allegations of the Petition are true, Defendant, Southeast and Advanced HCS were acting as "covered persons" within the meaning of the PREP Act and the Declaration because Defendant, Southeast and Advanced HCS were acting either as "program planners" or "qualified persons." Those terms are defined by, for example, "supervis[ing] or administer[ing] a program with respect to the administration, dispensing, distribution, provision, or use of" covered countermeasures, or being authorized "to prescribe, administer, deliver, distribute or dispense" covered countermeasures. *See* §§ 247d-6d(i)(2), 247d-6d(i)(6), and 247d-6d(i)(8).

30. Lastly, Plaintiff's claims are for injuries allegedly "caused by, arising out of, resulting from, or relating to" the aforementioned use and administration of covered countermeasures. Section 247d-6d(a)(2)(B) states that that immunity applies to any claim for loss "that has a causal relationship with the administration to or use by an individual of a covered countermeasure." Here, the Petition alleges in essence that Defendant, Southeast and Advanced HCS acted negligently in failing to prevent and mitigate the spread of COVID-19 in the facility (including the improper use of PPE—a "covered countermeasure"), and that the decedent was injured as a result of this negligence. Therefore, Plaintiff's core allegations necessarily implicate, and place directly into issue, Defendant, Southeast and Advanced HCS's actions and decisions undertaken to prevent the spread of COVID-19 in the facility, including the "use" and "administration" of various "covered countermeasures."

31. Because Plaintiff asserts a causal connection between the injury alleged and the Defendant, Southeast and Advanced HCS's purportedly improper conduct with respect to infection control, Plaintiff's claims fall within the broad preemptive effect of the PREP Act and the Declaration. Therefore, Plaintiff's Petition raises a federal question as to whether the PREP Act and the Declaration preclude her injury claims, and removal is proper under 28 U.S.C. § 1441(a).

**V. PAPERS FROM THE REMOVED ACTION.**

32. Pursuant to 28 U.S.C. § 1446(a), the following documents are attached to this Notice of Removal:

Exhibit A: Plaintiff's Second Amended Original Petition

Exhibit B: Return of Citation served on Texas Operations Management LLC

Exhibit C: Southeast SNF LLC d/b/a Southeast Nursing and Rehabilitation Center and Advanced AHS LLC's Notice of Consent to Removal

Exhibit D:   State Court Docket Sheet

Exhibit E:   State Court Pleadings, Orders and Process

Exhibit F:   Index of Matters Being Filed

Exhibit G:   Civil Cover Sheet

Exhibit H:   List of all Counsel of Record

Exhibit I:   Supplement to Civil Cover Sheet

## CONCLUSION

33. WHEREFORE, having shown that this case is properly removable, Defendant provides notice, pursuant to 28 U.S.C. § 1446, that the above entitled and numbered cause from the 408th Judicial District Court of Bexar County, Texas is removed to the United States District Court for the Western District of Texas, and respectfully requests that this Court exercise jurisdiction over this case.

DATED: November 13, 2020.

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By: */s/ Tamara M. Madden*
    Tamara M. Madden
    Attorney in Charge
    State Bar No. 00783720
    Federal ID No. 19362
    919 Milam, Suite 1500
    Houston, Texas 77002
    (713) 222-2323 – Telephone
    (713) 222-2226 – Facsimile
    tmadden@johnsontrent.com

**ATTORNEY FOR DEFENDANT,
TEXAS OPERATIONS MANAGEMENT LLC**

Of Counsel:
JOHNSON, TRENT & TAYLOR, LLP
Cameron K. Wells
State Bar No. 24091853
Federal ID No. 2984412
919 Milam Street, Suite 1500
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile
cwells@johnsontrent.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure. Parties may access this filing though the Court's system.

Beth S. Janicek *Via E-Serve*
Jessica Rodriguez
JANICEK LAW FIRM, PC
1100 NE Loop 410, Suite 600
San Antonio, Texas 78209
beth@janiceklaw.com
jessica@janiceklaw.com

*/s/ Tamara M. Madden*
TAMARA M. MADDEN

587.26
1211954.1-11062020