UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ANNIE MARIE GIBBS,**
**on behalf of the estate of**
**JOSE VELASQUEZ,**

 *Plaintiff*,

v.                Case No. SA-20-CV-01333-JKP-RBF

**SOUTHEAST SNF LLC, et al.,**

 *Defendants*.

# O R D E R

Before the Court is a motion to remand filed by Plaintiff. *ECF No. 7*. After due consideration of the motion, the briefing, the supplemental authority filed by the parties, and the relevant law, the Court grants the motion.

Plaintiff, the surviving daughter of Jose Velasquez, filed this lawsuit in the 408th Judicial District, Bexar County, Texas. Her state court petition, *ECF No. 1-1*, alleges that Velasquez was a resident at the Southeast Nursing & Rehabilitation Center ("Southeast") where he was exposed to, contracted, and died from COVID-19. Velasquez was admitted to Southeast in December of 2019 because he required twenty-four hour nursing care. He tested positive for COVID-19 on April 2, 2020, and died April 17, 2020. His death certificate states COVID-19 as the immediate cause of death.

On October 25, 2019, Southeast was investigated by Texas Health and Human Services ("THHS"). It cited Southeast for deficient care, including failure to "provide and implement an infection prevention and control program" because employees were not washing their hands, which was in violation of the "Hand Hygiene" policy. This policy required staff who had direct

resident contact to "perform proper hand hygiene procedures to prevent the spread of infection to other personnel, residents, and visitors."

By the spring of 2020, the COVID-19 pandemic had reached Texas. Even though they received guidance from THHS,[1] Southeast staff continued to not wash their hands and Defendants[2] did not screen staff entering the facility including checking for fever, did not provide personal protective equipment to residents or staff, did not isolate patients who showed signs of COVID-19, and did not maintain an infection prevention and control program to prevent the spread of the virus. Additionally, Southeast was understaffed by approximately twenty percent in March and April 2020. Plaintiff alleges these failures caused Velasquez's death and consequently, brings claims for negligence and gross negligence under Texas law.

Defendants removed the case to federal court on the basis of federal-question jurisdiction, contending that Plaintiff's claims are completely preempted under the Federal Public Readiness and Emergency Preparedness Act ("PREP Act"). *ECF No. 1*. Plaintiff timely moved to remand this case back to state court. *ECF No. 7*.

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party

---

[1] *See* https://hhs.texas.gov/about-hhs/communications-events/news/2020/03/hhs-provides-expanded-guidance-nursing-facilities-prevent-spread-covid-19-texas.

[2] The record indicates some consternation about the proper naming of the Defendant or Defendants. That issue is not presently before the Court. Because this order addresses remand of the entire case, the Court refers to the Defendants to this case collectively, as "Defendants."

has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Removal based on federal-question jurisdiction is reviewed under the well-pleaded complaint rule. *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011). The "well-pleaded complaint rule" provides that federal jurisdiction exists "only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Thus, as "master of the complaint' the plaintiff may "'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987).

"[C]omplete preemption is an exception to the well-pleaded complaint rule." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000). The "complete preemption doctrine" provides that the preemptive force of a federal statute can be "so extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. "If a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* (quoting *Franchise Tax Board of Cal*. v. *Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 24 (1983)); *see also Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Thus, "[i]f a federal law is found to completely preempt a field of state law, the state-law claims in the plaintiff's complaint will be recharacterized as stating a federal cause of action." *Rio Grande*, 276 F.3d at 685 (5th Cir. 2001) (quoting *Hart*, 199 F.3d at 244).

The Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, authorizes the Secretary of the Department of Health and Human Services (the "Secretary") to issue a declaration specifically for the purpose of providing immunity for all claims of loss directly caused by the administration or use of covered countermeasures. Effective February 4, 2020, the Secretary issued such declaration to "provide liability immunity for activities related to medical countermeasures against COVID-19."[3] To date the Declaration has been amended seven times, providing immunity for administration or use of respiratory protective devices approved by NIOSH under 42 C.F.R. 84 and all qualified pandemic and epidemic products including any antiviral or other drug, biologic, diagnostic, device, or vaccine used to treat, diagnose, cure, prevent, mitigate, or limit the harm COVID–19 might otherwise cause.[4] State laws that differ or conflict regarding the use, dispensing, or administration of covered countermeasures are preempted. *Id.*, § 247d-6d(b)(8).

Claims for covered injuries[5] "directly caused by the administration or use of a covered countermeasure" must be pursued through the Covered Countermeasure Process Fund (the "Fund"). *Id.*, § 247d-6e. An injured party who intends to bring a cause of action for willful misconduct must first present their claim to the fund. *Id.*, § 247d-6d(d). After exhausting this administrative remedy, suit may only be brought in the United States District Court for the District of Columbia. *Id.*, § 247d-6d(e).

Defendants argue that the PREP Act completely preempts Plaintiff's claims but they do not point to a civil enforcement provision within the Act that "creates a cause of action that both

---

[3] *See* 85 Fed. Reg. 15198; https://www.federalregister.gov/documents/2020/03/17/2020-05484/declaration-under-the-public-readiness-and-emergency-preparedness-act-for-medical-countermeasures.

[4] *See* https://www.phe.gov/Preparedness/legal/prepact/Pages/default.aspx.

[5] "The term 'covered injury' means serious physical injury or death." 42 U.S.C. § 247d-6e(e)(3).

replaces and protects the analogous area of state law" nor do they cite the Fifth Circuit test for complete preemption. Rather, Defendants argue that the plain language of the statute demonstrates "clear intention" to "completely preempt the field of state law claims." *ECF No. 10, pars. 12-15*.

> To establish complete preemption in the Fifth Circuit the defendant must show:
>
> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be [exclusive].

*Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008). Analysis of the factors is required by Fifth Circuit precedent. *Bellfort Enters. Inc. v. Petrotex Fuels, Inc.*, 339 Fed. Appx. 416, 418 (5th Cir. 2009) (per curiam).

The PREP Act's civil enforcement provisions provide: (1) compensation from the Fund is the exclusive remedy for an "eligible individual" who has sustained a "covered injury" "directly caused by the administration or use of a covered countermeasure," 42 U.S.C. § 247d-6e(a)-(e); (2) an injured party who intends to bring a cause of action for willful misconduct must first exhaust administrative remedies, *id.* § 247d-6e(d); (3) suits for willful misconduct may be filed only as a "Federal cause of action" in the "United States District Court for the District of Columbia." *Id.* §§ 247d-6d(d)(1); 247d-6d(e)(1).

Plaintiff's allegations that failures to wash hands, follow internal policies and procedures, and adequately staff Southeast do not implicate any *countermeasure* identified in the PREP Act or added by amendments to the Declaration. Because the PREP Act only covers claims for serious physical injury or death *directly caused by the administration or use of a covered countermeasure*, Texas negligence claims are not completely preempted by the Act. Notably, the

civil enforcement provision in the PREP act does not provide that *all claims* resulting from or relating to the COVID-19 pandemic are to be brought exclusively to a federal court or to the Fund; only claims caused by the *administration or use of a covered countermeasure*. Failures to maintain hygiene, adequate staffing levels, or follow facility policy are not covered countermeasures. Accordingly, Defendants cannot satisfy the first element of the three-part complete preemption test, and have failed to establish that this case is removable on the basis that the PREP Act completely preempts Plaintiff's claims. *See Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) (noting that the first element of the "tripartite test for complete preemption" requires showing that federal law "contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law"). Moreover, if a plaintiff's state court petition brings a claim covered by the PREP Act, Texas courts are competent to identify and dismiss such claims as they cannot be brought in federal court but must be presented to the Fund.

Therefore, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 7). This case is hereby remanded to the 408th Judicial District, Bexar County, Texas. This case may be closed upon remand.

**It is so ORDERED this 30th day of March 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**